**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-1387**

—————————

RUSSELL G. RUGGERIO,

 Plaintiff - Appellee,

 versus

UNITED STATES OF AMERICA,

 Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CA-04-639-WDQ)

—————————

Argued:  October 25, 2005          Decided:  November 17, 2005

—————————

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

—————————

Reversed and remanded by unpublished opinion.  Judge Shedd wrote
the opinion, in which Judge Motz and Judge Traxler joined.

—————————

**ARGUED:** Bethany Buck Hauser, UNITED STATES DEPARTMENT OF JUSTICE,
Tax Division, Washington, D.C., for Appellant.  Griffin Vann
Canada, Jr., MILES & STOCKBRIDGE, Rockville, Maryland, for
Appellee.  **ON BRIEF:** Eileen J. O'Connor, Assistant Attorney
General, Frank P. Cihlar, Tax Division, Allen Loucks, United States
Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellant.  Rachel T. McGuckian, MILES & STOCKBRIDGE,
Rockville, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

SHEDD, Circuit Judge:

Russell G. Ruggerio brought this action against the United States to quiet title to a condominium ("the Property") in Worcester County, Maryland. Specifically, Ruggerio sought a declaration that the Property was not encumbered by federal tax liens assessed against Rocky A. Kimbrew, the prior owner of the Property. After both parties moved for summary judgment, the district court granted Ruggerio's motion based on the doctrine of equitable conversion. The United States now appeals. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

I.

We review de novo a district court's award of summary judgment, viewing the facts and inferences drawn therefrom in the light most favorable to the non-moving party. Scott v. United States, 328 F.3d 132, 137 (4th Cir. 2003). An award of summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Between 1998 and 2002, the Commissioner of Internal Revenue ("the Commissioner") assessed payroll taxes of $143,000 against

2

Kimbrew, a delinquent taxpayer. On January 14, 2003, Kimbrew entered into a contract to sell the Property to Ruggerio. At the time of contracting, Ruggerio had no knowledge of Kimbrew's tax delinquency.

On April 7, 2003, the Commissioner filed notices of federal tax liens against Kimbrew in Worcester County. The next day, Kimbrew executed and delivered the deed to the Property to Ruggerio in exchange for approximately $210,000. Ruggerio filed the deed with Worcester County land records several days later.

The Commissioner then demanded that Ruggerio pay the government for release of the federal tax liens. Ruggerio brought this suit to quiet title, arguing that because he signed the contract of purchase before the Commissioner filed the notices of federal tax liens, the Property was not encumbered by those liens. On cross-motions for summary judgment, the district court granted summary judgment in favor of Ruggerio on the basis of equitable conversion and denied the United States' motion. The district court concluded that, because Kimbrew's interest in the Property after contracting was limited to his anticipated proceeds from the sale, the tax liens did not attach to the Property but rather to Kimbrew's interest in the sales proceeds. Thus, the district court held that the Commissioner could not enforce the federal tax liens against Ruggerio.

Section 6321 of the Internal Revenue Code ("IRC") provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321.  Further, "the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied."  Id. at § 6322.  "For the lien to become valid and effective under these sections, notice, filing or recording are not required."  United States v. Bond, 279 F.2d 837, 841 (4th Cir. 1960).  Therefore, because federal tax liens attach at the time the assessment is made, the liens attached to the Property by 2002, before Kimbrew and Ruggerio entered into their contract.

However, § 6323 of the IRC provides that liens imposed under § 6321 will not be valid against certain third parties, such as "purchasers," until the filing of notice.  26 U.S.C. § 6323(a); see also United States v. Gold, 178 F.3d 718, 721 (4th Cir. 1999) ("Liens created by § 6321 become 'valid' as against third parties upon the IRS's filing notice of the lien in any recording office within the state in which the property is located.").  The IRC defines "purchaser" as "a person who, for adequate and full consideration in money or money's worth, acquires an interest

4

(other than a lien or security interest) in property <u>which is valid under local law against subsequent purchasers without actual notice</u>." 26 U.S.C. § 6323(h)(6) (emphasis added). Ruggerio argues that because of his prior contract with Kimbrew, he became a "purchaser" under § 6323 before April 7, 2003, the date the Commissioner filed notices of federal tax liens. Specifically, Ruggerio contends that upon contracting he possessed equitable title to the Property and Kimbrew possessed only legal title under the doctrine of equitable conversion. See <u>Watson v. Watson</u>, 497 A.2d 794, 800 (Md. 1985).

Ruggerio's status as a "purchaser" under the IRC turns on whether his interest was valid against subsequent purchasers without actual notice under Maryland law before April 7, 2003. The Maryland recording statute provides that:

> Every recorded deed or other instrument takes effect from its effective date as against the grantee of any deed executed and delivered subsequent to the effective date, <u>unless the grantee of the subsequent deed has</u>:
>
> (1) Accepted delivery of the deed or other instrument:
>
> (i) In good faith;
> (ii) Without constructive notice under § 3-202; and
> (iii) For a good and valuable consideration; and
>
> (2) <u>Recorded the deed first</u>.

Md. Code Ann., Real Prop. § 3-203 (2005) (emphasis added). We have noted that "the Maryland law is that legal title to land does not pass until a deed is properly executed and recorded, and . . . until this is done <u>a vendee's equity in property is subject to</u>

5

destruction by a conveyance of the legal title to a bona fide purchaser without notice." Bourke v. Krick, 304 F.2d 501, 504 (4th Cir. 1962) (emphasis added). Hence, under Maryland law Ruggerio's interest in the Property would be invalid against subsequent purchasers without actual notice. See Price v. McDonald, 1 Md. 403, 414-15 (1851) (stating that "an equitable claim . . . will be enforced in a court of equity, except against a bona fide purchaser without notice"). Because Ruggerio's interest in the Property was subject to destruction under Maryland law by subsequent purchasers without actual notice, he did not qualify as a "purchaser" under § 6323(h) of the IRC before April 7, 2003. Thus, the federal tax liens on the Property remain valid against Ruggerio.[*]

III.

Accordingly, we reverse the district court's order granting summary judgment in favor of Ruggerio and remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED

---

[*]To the extent that Ruggerio may have achieved "purchaser" status after April 7, 2003, the federal tax liens on the Property remain valid against him based on the antecedent filing of tax notices. 26 U.S.C. § 6323(a); see also Gold, 178 F.3d at 721 ("Liens created by § 6321 become 'valid' as against third parties upon the IRS's filing notice of the lien in any recording office within the state in which the property is located.").

6